UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
IN RE:

                                                  CASE NO.: 08-75936-ast

EDWARD BRUNS,                                   CHAPTER 13

                   DEBTOR.
------------------------------X

## MEMORANDUM OPINION AND ORDER
## DENYING CROSS MOTIONS FOR SANCTIONS

This Court had previously taken under advisement a request for the allowance of legal fees of the Debtor's former attorney, Ronald D. Weiss, Esq. ("Counsel"), and Debtor's request that Counsel disgorge the fees he has been paid (collectively, the "Fee Motions"). On June 11, 2009, while the Fee Motions were *sub judice*, Counsel filed a Cross Motion for Sanctions for Debtor's Attorney Misconduct under Rule 9011 [dkt item 33], and a Cross Motion for Sanctions against Rosina Caputo, Esq. and Joseph Guardino, Esq. [dkt item 34] (collectively, the "Cross Motions"). The Cross Motions seek sanctions against Ms. Caputo and Mr. Guardino for matters arising during their representation of Debtor in this case. For the reasons set forth herein, this Court denies Counsel's Cross Motions.[1]

Motions for sanctions are authorized by Rule 9011 of the Federal Rules of Bankruptcy Procedure.[2] Rule 9011 provides specific procedural steps that must be followed for

---

[1] The Fee Motions will be addressed in a separate order of the Court.

[2] Specifically, Rule 9011(c) sets out a specific procedure to be followed by a party who seeks sanctions:

> (c) Sanctions
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

sanctions to be imposed. These procedural steps are designed to provide for resolution of matters within the scope of the rule without resorting to costly motion practice and judicial intervention.

In the instant case, Counsel has failed to comply with Rule 9011(c), which requires that a notice be sent twenty-one days prior to the filing of a motion for sanctions. *See* FED. R. BANKR. P. 9011(c)(1)(A). Because Counsel has failed to comply with Rule 9011(c), it would be improper for this Court to award sanctions, even if sanctions were an appropriate remedy. *See In re Hoffman*, 403 B.R. 237 (Bankr. E.D.N.Y. 2009); *In re Baumblit* 251 B.R. 442, 443 (E.D.N.Y. 2000) ( "Because Mr. Baumblit failed to comply with the separate notice provisions of Rule 9011, it was an abuse of discretion for the bankruptcy court to impose sanctions."), *aff'd on other grounds*, *In re Baumblit*, 15 Fed. Appx. 30, Nos. 00-5064, 00-5062, 00-5058, 2001 WL 880872 (2d Cir. 2001). Based upon the foregoing, the Cross Motions are denied.

This Court notes that Rule 9011(c) (1) (B) authorizes this Court to impose sanctions on its own initiative. However, after having fully reviewed the allegations made by Counsel in the Cross Motions and the record of the proceedings in this case to date, and even drawing all permissible inferences in favor of Counsel, this Court finds no basis to impose sanctions under Rule 9011 against Ms. Caputo or Mr. Guardino. Accordingly, the Court declines to *sua sponte* impose sanctions against Ms. Caputo or Mr. Guardino.

---

(1) How initiated
(A) By motion
A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

The Court further notes that Counsel has failed to comply with this Court's scheduling procedures by noticing the Cross Motions for a hearing on June 25, 2009 at 2:00 p.m. Counsel apparently self selected both the date of June 25, 2009 and the time of 2:00 p.m. to schedule the Cross Motions for hearing.

At a hearing held on May 5, 2009, this Court did adjourn to June 25, 2009, at 2:00 p.m., hearings on confirmation of Debtor's chapter 13 plan and resolution of the lien claim of creditor NTL, Inc. However, there is no motion scheduled for June 25 to which Counsel's Cross Motions would relate. Further, Counsel neither selected an available date and time from the self calendar, nor requested that such matter be set at that time, in accordance with this Court's posted procedures. Therefore, it was inappropriate for Counsel to self calendar the Cross Motions.

Counsel is reminded that this Court has posted procedures for the scheduling of hearings and self calendaring of hearings on the Court's web site: http://www.nyeb.uscourts.gov/cal_scheduling.html. Compliance with the Court's published calendaring procedures is essential to the efficient operation of the Court.

Based thereon, the Cross Motions are DENIED, and this relief is SO ORDERED.



**Dated: June 24, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**